## LUCILLE YOUNG v. STATE.

No. A-10562. April 3, 1946.

(167 P. 2d 922.)

Walter Billingsley, of Wewoka, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Lucille Young, was charged in the district court of Seminole county with the crime of murder; was tried, convicted of manslaughter in the first degree, and by verdict of the jury was sentenced to serve four years in the State Penitentiary, and has appealed.

The only proposition presented by this appeal is whether the evidence is sufficient to sustain the judgment of conviction.

The case was presented to the jury on a stipulation between the state and the defendant and the testimony of one witness. No evidence was offered on behalf of the defendant. The defendant was charged with killing her husband, Willie Young, by stabbing him with a pocketknife. After the jury was impaneled, the following stipulation was agreed upon between the county attorney and counsel for defendant:

"It is stipulated and agreed by and between the State and the Defendant, that Willie Young died as a result of a knife wound in the region of his heart inflicted by the defendant at Boney Edwards' home three miles south of Seminole on the date alleged in the information, in Seminole County, Oklahoma."

In addition to this stipulation, J. W. Edwards testified that the defendant and her husband lived on his farm about three miles south of Seminole. That on July 25, 1943, a girl ran into his house and told him there was some trouble at his barn. That he went to the barn and saw Willie Young hunched down against the door. His wife was standing nearby. He asked Young what was the matter and Young said, "My wife has killed me." Young ran his hand in under his shirt and brought it out all covered with blood. Young further said that he had gone to the airport garage to have his car fixed and that the defendant had told him that if he did not return home by 2:30 there would be trouble. That when he did return, she kept fussing at him. That he went down to the barn to milk and the defendant continued to fuss with him until he finally told her to keep still or he would take "That board and whip you." The deceased indicated a piece of lath about two inches wide and about three feet long. The deceased said he was going to die and wanted the witness to take him to a doctor. The defendant was there and said she hoped that she had killed him. The witness then called an ambulance, but Willie Young died before the ambulance arrived. On cross-examination, the witness testified that when the officers arrived, the defendant told them that the deceased had struck her.

Under this evidence, the killing of the deceased by the defendant was proved. 22 O. S. 1941 § 745, provides:

"Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

Since the homicide was proved to have been committed by the defendant and there is no testimony on the part of the only witness presented by the state to show that the defendant was justifiable in taking the life of the deceased, it is apparent that the evidence is sufficient to sustain the conviction for manslaughter in the first degree. In addition to that, the jury was merciful with the defendant in that they assessed the minimum punishment for the commission of such offense.

The judgment and sentence of the district court of Seminole county is affirmed.

BAREFOOT, J., concurs.   DOYLE, J., not participating.